## UNITED STATES v. ONE 1950 FORD HALF–TON PICKUP AUTOMOBILE TRUCK, MOTOR NO. 9–8RC–289459.

### No. 11411.

United States Court of Appeals
Sixth Circuit.

March 28, 1952.

858

Charles F. Wood, Louisville, Ky. (David C. Walls, Charles F. Wood, Norris W. Reigler, all of Louisville, Ky., on the brief), for appellant.

No attorney for appellee.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The government has appealed from the dismissal by the District Court of a libel filed against a 1950 Ford half-ton pickup truck for forfeiture, because of violation by the owner of the motor vehicle of section 3116 of Title 26, U.S.C.A. The District Court, after receiving evidence, filed its findings of fact and conclusions of law on the same date that it entered an order dismissing the libel and directing that the seized automobile be restored to possession of the respondent, Archie E. Davis.

As found by the District Court, the respondent, Davis, was apprehended on July 27, 1950, at a distillery which was being operated in the woods in violation of four sections of the Internal Revenue Code, namely: Sections 2810, 2833, 2834, and 2803, 26 U.S.C.A. §§ 2803, 2810, 2833, 2834; and, at the time of his apprehension at the still site, he was the lawful owner of the pickup truck against which the libel was directed and had in his possession the key to the vehicle. On the date of his arrest, Davis, as specifically found by the District Court, "used the truck which is the subject of this libel for the purpose of going to the illicit still in order to operate same." When the officers arrested him, they located the libelled truck some four hundred or more yards from the still site, within 75 yards of the closest distance to the still to which an automobile could possibly be driven.

The District Court found further that there was no evidence of signs or markings on the truck indicative of supplies or materials having been hauled in it to or from the still site, but there was evidence that Davis, on the date upon which he was arrested, stated to an officer of the Kentucky State Police and an Alcohol Tax Unit Investigator that he had used the truck, subject of the libel, to haul supplies to the still site. Davis denied that he made any such statement to the officers. It was found that the libelled truck "was seen at a point some four hundred or more yards from the still site on only one occasion", on July 27, 1950; and that, prior to that date, Respondent Davis owned a 1935 Ford automobile which had been used by him to haul materials and supplies to and from the still.

The Court made this important finding: "Archie E. Davis admitted that he used

the Ford truck, which is the subject of this libel, on July 27, 1950, for the purpose of going to the still in order that he could operate the still on said day, and that he intended to use the said truck for the purpose of returning home after he had operated the still on July 27, 1950."

The conclusions of law of the District Court were thus succinctly stated: "From the evidence introduced before this Court, the Court is of the opinion that the said evidence is insufficient to sustain the libel filed herein. Forfeitures are harsh actions and are frowned upon by equity. The respondent and owner of the truck, which is the subject of this libel, was sentenced by this Court for violations of the Internal Revenue Laws and has paid the penalty owed by him to society for violation of the law. Counsel for respondent will submit to the Court an order dismissing the libel."

In our judgment, the District Court committed reversible error in dismissing the libel. Its view of the applicable law was based upon the erroneous conception that equitable principles control decision in forfeiture proceedings filed pursuant to section 3116 of Title 26, U.S.C.A., the pertinent portion of which reads, as follows: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used and no property rights shall exist in any such liquor or property. * * *"

As was pointed out by Judge Woodrough, in United States v. Windle, 8 Cir., 158 F.2d 196, 199, it is clear that Congress, in enacting section 3116, intended to aid the enforcement of revenue laws relating to intoxicating liquors by providing for forfeiture in any case of intended violation of those laws; and that the rule that the law looks with disfavor on forfeitures cannot be invoked to prevent a forfeiture provided by Congress to assist in the enforcement of the Internal Revenue laws. The language of United States v. One 1942 Pontiac Sedan Automobile, D.C.E.D.Ill., 56 F.Supp. 929, was thus quoted: "The law may be harsh but this is not the first

instance of severity in the collection of internal revenue and the enforcement of revenue statutes. Needless to say, any appeal for relief must be addressed to the Congress, not to the judiciary." [158 F.2d 200.] The Eighth Circuit then held that a vehicle used with the intent of carrying on the business of a wholesale liquor dealer without payment of the required tax and without keeping proper records is subject to forfeiture under code section 3116, even though the dealer may also be operating in violation of and subject to the sanctions of the Internal Revenue Code, section 3253, Title 26, U.S.C.A. So the District Court's thought of expiation by Davis to society for violation of law does not, upon this authority, furnish a ground for the nonforfeiture of an automobile used by him in violation of the Internal Revenue Laws.

We are in accord with the reasoning of the Eighth Circuit in the Windle case and of Judge Lindley of the Eastern District of Illinois therein discussed. In upholding a forfeiture on a proceeding in libel under section 3116, the Court of Appeals for the Fifth Circuit said: "The proceeding is preventive and remedial, rather than punitive or criminal." Kent v. United States, 157 F.2d 1, 2. Useful discussion of the historical background leading to the enactment of section 3116 will be found in United States v. 3935 Cases of Distilled Spirits, D.C.Minn., 55 F.Supp. 84.

The fact was unequivocally found by the District Court that Davis admitted using the libelled truck on the date of his arrest to go to the still in order to operate it, and that he intended to return home in the truck after he had finished his day's work at the still. The statute, section 3116, places no express limitation on the manner in which property, intended for use in violation of the Internal Revenue laws, is employed. See United States v. Plymouth Coupe, D.C.W.D.Pa., 88 F.Supp. 93, 96. It does not require in terms that liquor be transported in the truck; nor is it necessary that any materials used in the manufacture of the contraband should be so transported. We think it a justifiable interpretation of the statute to include within its forfeiture provisions the use by a dis-

tillery operator of an automobile as a means of transportation to and from an illegally operated distillery. See United States v. One 1941 Buick Coach Automobile, D.C.S. D.Ala., 85 F.Supp. 402, 404; United States v. One 1950 Model Willys Jeep, D.C.W.D. S.C., 91 F.Supp. 822, 824. The soundness of this principle was recognized in an earlier decision involving a kindred statute. United States v. One Ford Truck, D.C. Wyo.1932, 3 F.Supp. 283.

The judgment of the District Court is reversed; and it is ordered that a decree of forfeiture of the automobile against which the libel was filed be entered, as prayed in the libel filed by the United States Attorney.