## UNITED STATES v. LANE MOTOR CO. (two cases).

### Nos. 4460, 4461.

United States Court of Appeals
Tenth Circuit.

Oct. 20, 1952.

it held a valid chattel mortgage lien upon the truck and praying that such lien be given priority over the claim of the United States. The complaint in the second case charged that John Benjamin Goforth owned the automobile; that it was used to transport raw materials, utensils, and vessels to a distillery owned and operated by Goforth and Carl Lee Schaffer; that the materials, utensils, and vessels were to be used in the illegal manufacture and concealment of spirituous liquors manufactured at the distillery; and that the automobile was also used to transport Goforth and others to the distillery for the purpose of manufacturing distilled liquors in violation of law. Lane Motor Company intervened, pleading that it owned the automobile and seeking its immediate possession.

In the first case, the trial court found among other things that Matthews and Clyde Parnell were arrested while operating the still; that Roosevelt Lewis was subsequently apprehended; that all three of them entered pleas of guilty to various criminal charges arising out of the operation of the still; that the truck in question was parked on premises owned and operated as a cattle and hog ranch by Matthews at a point about two miles distant from the site of the still; that Matthews and others had ridden that day from their homes to the point where the truck was parked, a distance of approximately twenty-five miles; that after Matthews was arrested he admitted ownership of the truck and the officers returned to where it was parked and took possession of it. In the second case, the court found among other things that Goforth drove the automobile from his home to a point one and one-half to three miles from the illicit still he was operating; that he parked the automobile at that point where it was later seized; that he walked from the point at which the automobile was parked to the still where he was apprehended; and that he later pleaded guilty to an indictment charging possession and operation of the still. Forfeiture was denied in both cases, and the Government appealed.

Paul Gotcher, Asst. U. S. Atty., Muskogee, Okl. (Edwin Langley, U. S. Atty., Muskogee, Okl., on the brief), for appellant.

Paul Harkey, Idobel, Okl., for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

These are libel actions, the first for the forfeiture of a truck and the second for the forfeiture of an automobile. The complaint in the first case charged that Guy Walter Matthews owned the truck; that it was used to transport raw materials, utensils, and vessels to the point where a distillery owned by Matthews was operated; that the materials, utensils, and vessels were to be used in the illegal manufacture and concealment of spirituous liquors; and that the truck was also used in transporting to and from the distillery men engaged to manufacture distilled spirits there. Lane Motor Company intervened, pleading that

Proceedings of this kind instituted by the United States for the forfeiture

of property are essentially statutory proceedings, and they cannot be maintained unless authorized by an applicable statute. United States v. Charles D. Kaier Co., 3 Cir., 61 F.2d 160. Forfeiture statutes intended to prevent fraud on the revenue are construed less narrowly than are penal statutes and others involving forfeitures. United States v. Ryan, 284 U.S. 167, 52 S. Ct. 65, 76 L.Ed. 224. But forfeitures are not favored and should be enforced only when within both the letter and spirit of the law. United States v. One 1936 Model Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F.2d 622.

The United States relies solely and exclusively upon 26 U.S.C. § 3116 as statutory authority for the forfeiture of the two vehicles involved in these cases. It argues in each case that the vehicle was subject to forfeiture under the statute because the operator of the illicit distillery used the vehicle as a means of transporting himself from his home to a point near the distillery for the purpose of operating the distillery in violation of law. In presently pertinent part, the statute authorizes the seizure and forfeiture of "property intended for use in violating * * * the internal-revenue laws, or regulations prescribed under such * * * laws, or which has been so used * * *." The statute brings within its sweep automobiles used in transporting raw materials or supplies intended for use in the operation of a distillery in violation of the revenue laws; automobiles used in transporting the finished contraband from such a distillery; and automobiles used as lookouts in convoying other vehicles employed in transportation of that kind. United States v. One 1948 Plymouth Sedan, 3 Cir., 198 F.2d 399. But neither of the vehicles involved in these actions was used for any of those purposes. No raw materials or supplies intended for use in connection with the operation of a distillery in violation of law were transported in either of these vehicles. No finished product of such a distillery was transported in them. They were not employed for lookout purposes in convoying other automobiles used for transportation of that kind. Neither of them was otherwise used as an instrumentality in the operation of the illicit distillery. And there was no showing whatever that either of them was intended for any of such uses. They were merely employed as a convenient and conventional means of transporting the operator of the distillery from his home to a point quite removed from the site of the distillery. An automobile used only for that purpose, and bearing no other actual or intended relation to the operation of an illicit distillery or in furtherance of the illegal activity inhering in its operation, is not subject to seizure and forefeiture under section 3116. United States v. One Ford Coach 1949 Model, 4 Cir., 184 F.2d 749; United States v. One 1948 Plymouth Sedan, supra. The United States places strong emphasis upon United States v. One Ford Half-Ton Pickup Truck, 6 Cir., 195 F.2d 857. While the case merits great respect, we cannot escape the considered view that under the facts disclosed in the cases now before us forfeiture is not warranted.

The United States further contends in the first case that the court erred in allowing Lane Motor Company to intervene and defend the action; and it further contends in the second case that it was immaterial whether the seized vehicle was owned by Lane Motor Company or Goforth. But it is unnecessary to explore either contention. For the reasons already indicated, the United States was not entitled to a judgment of forfeiture in the first case even though Lane Motor Company had not intervened and defended the action; and it was not entitled to a judgment of forfeiture in the second case whether the seized vehicle belonged to Lane Motor Company or Goforth. Therefore the action of the court in allowing Lane Motor Company to intervene and defend the first case, and in determining that the seized vehicle involved in the second case belonged to Lane Motor Company, did not prejudice the United States. And it is a familiar rule that asserted errors which could not have prejudiced the unsuccessful party give no right to a reversal of the judgment. Wonnacott v. Denver & Rio Grande Western Railroad Co., 10 Cir., 187 F.2d 607.

The judgments are severally affirmed.