UNITED STATES v. LANE MOTOR CO.

No. 499.   Decided February 9, 1953.

*Solicitor General Cummings* for the United States.

*B. E. Harkey* for respondent.

Per Curiam.

In this proceeding, the Government sought the forfeiture of an automobile and of a truck under the provisions of § 3116 of the Internal Revenue Code in the District Court for the Eastern District of Oklahoma.   That Section allows the seizure and forfeiture of property "intended for use in violating" the alcohol tax laws, as well as property "which has been so used."   The respondent, alleging an interest in the two vehicles, contested the forfeitures.

The district judge found the facts to be that the truck and automobile had each been used by the operator of an illegal distillery to drive a number of miles from his home and then parked at a point one-half mile or more from the distillery, the operator walking the rest of the way.   The district judge found that the Government had not shown, as it had alleged, that the vehicles had been used for transporting materials or utensils for use at the distillery, and ruled that the facts shown did not justify a forfeiture.   The Court of Appeals for the Tenth Circuit affirmed, 199 F. 2d 495.

The Government has petitioned for a writ of certiorari showing that, while the Court of Appeals for the Third Circuit in *United States* v. *One 1948 Plymouth Sedan,* 198 F. 2d 399 (1952), held in accord with the Tenth Circuit, the Court of Appeals for the Sixth Circuit has taken a contrary view, *United States* v. *One 1950 Ford Half-Ton Pickup Automobile Truck,* 195 F. 2d 857 (1952). Certiorari is granted in order to resolve this conflict.

We think it clear that a vehicle used solely for commuting to an illegal distillery is not used *in* violating the revenue laws.

Certiorari granted, and the judgment affirmed.