**UNITED STATES of America, Libellant,**

v.

**ONE 1957 MODEL PONTIAC, Motor No. P857H–17192.**

Civ. No. 1036.

United States District Court
E. D. North Carolina,
Raleigh Division.

Nov. 13, 1957.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for libellant.

Hodges & Harris, South Hill, Va., for intervenor.

GILLIAM, District Judge.

This cause was heard on a libel of information and petition of intervention, filed by one C. W. Cleaton.

The evidence establishes these facts: On March 16, 1957, at about 3:30 a. m., Albert Henderson, owner of the libelled automobile, left his premises driving it and shortly thereafter returned in said automobile closely followed by a Ford Sedan; thereupon packages or boxes were unloaded from the Ford Sedan and placed in three other cars on the premises, a Dodge Sedan, a Ford and a Chevrolet; shortly thereafter and before the officers lost sight of them these three cars were seized by officers and on each was found a quantity of unstamped or non-taxpaid whiskey; thereupon the officers seized the libelled car which had not left the premises with the three cars upon which the whiskey was later found; no non-taxpaid whiskey was found on it and there is no evidence that such whiskey had been transported by it or had been placed thereon; on the date in question and on the date when the intervenor acquired his interest in the libelled automobile, the owner, Albert Henderson, had the reputation of being a dealer in and manufacturer of non-taxpaid whiskey; the intervenor made no investigation as required by the statute before acquiring his interest in the libelled automobile.

Upon these facts it is clear that the intervenor is not entitled to remission; the only question is with regard to whether the vehicle is subject to forfeiture under the statutes. The Government insists that the forfeiture is required under the rule set out in United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786, and other cases of similar import, to the effect that the statute authorizes forfeiture of an automobile used as a lookout in convoying another vehicle transporting non-

taxpaid whiskey. Such is not the case here. The libelled automobile probably was involved in the scheme to remove the non-taxpaid whiskey which was later found on the other three automobiles, but in no reasonable view, as I see it, was it used as a convoy or decoy car for them, or that it was used to block the federal officers' pursuit of the offending automobiles as was true in the case cited above. In my opinion, this case was settled against the Government by United States v. Lane Motor Co., 10 Cir., 199 F. 2d 495, which the Supreme Court affirmed, 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622. We quote from the opinion of the Court of Appeals (199 F.2d 497):

"The statute brings within its sweep automobiles used in transporting raw materials or supplies intended for use in the operation of a distillery in violation of the revenue laws; automobiles used in transporting the finished contraband from such a distillery; and automobiles used as lookouts in convoying other vehicles employed in transportation of that kind. United States v. One 1948 Plymouth Sedan, 3 Cir., 198 F.2d 399. But neither of the vehicles involved in these actions was used for any of those purposes. No raw materials or supplies intended for use in connection with the operation of a distillery in violation of law were transported in either of these vehicles. No finished product of such a distillery was transported in them. They were not employed for lookout purposes in convoying other automobiles used for transportation of that kind. Neither of them was otherwise used as an instrumentality in the operation of the illicit distillery. And there was no showing whatever that either of them was intended for any of such uses. They were merely employed as a convenient and conventional means of transporting the operator of the distillery from his home to a point quite removed from the site of the distillery. An automobile used only for that purpose, and bearing no other actual or intended relation to the operation of an illicit distillery or in furtherance of the illegal activity inhering in its operation, is not subject to seizure and forfeiture under [26 U.S.C.A. (I.R.C.1939)] section 3116. United States v. One Ford Coach 1949 Model, 4 Cir., 184 F.2d 749; United States v. One 1948 Plymouth Sedan, supra. The United States places strong emphasis upon United States v. One 1950 Ford Half-Ton Pickup Truck, 6 Cir., 195 F.2d 857. While the case merits great respect, we cannot escape the considered view that under the facts disclosed in the cases now before us forfeiture is not warranted."

Upon the facts and the conclusion reached, the libel is dismissed and a formal judgment will be later entered requiring the United States Marshal to return the automobile to the registered owner upon his payment of the costs of the libel proceeding and the accrued storage.