Harold D. Cooley and Robert O. Burton, Nashville, N. C., Lucius W. Pullen, Asheville, N. C., for intervenors.

**UNITED STATES of America, Libellant,**

v.

**ONE 1957 MODEL OLDSMOBILE "88" 4-DOOR SEDAN, MOTOR NUMBER A-120972, Defendant,**

**Peoples Bank & Trust Company and Louise Burgess Pridgen, Applicants for Intervention.**

**Civ. No. 620.**

United States District Court
E. D. North Carolina, Wilson Division.
Dec. 18, 1957.

GILLIAM, District Judge.

The libelled Oldsmobile was seized by the Government upon the theory that it was acting on the occasion involved as a convoy or decoy car for a Buick which was found transporting a quantity of unstamped liquor and seized for such violation. There was no evidence that the Oldsmobile had transported unstamped liquor or materials intended for use in violation of the Internal Revenue laws or that any unstamped liquor had been loaded on or taken from it, and the decision hinges entirely on whether it was at the time being used as "a convoy or decoy car" within the rule announced in United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786, 787, and other cases.

These facts tending to disclose complicity of the Oldsmobile in the violation are established by the evidence; on the night in question the Oldsmobile stopped on Highway 301 at a filling station where it remained about five minutes and until the Buick passed; then the

Oldsmobile "fell in" behind and followed the Buick, but at a lower rate of speed; when the officers were following the Buick it left Highway 301 and was seized sometime later on a side road loaded with a large quantity of unstamped liquor; later, or perhaps at about the same time, the Oldsmobile was stopped and seized as it was proceeding along Highway 301, but before it reached the point where the Buick left said highway; as noted above, no liquor was found on the Oldsmobile, but there were found thereon certain paper bags similar in appearance and bearing similar serial numbers to brown paper bags found in the Buick; there was also found on the Oldsmobile an extra tire similar in size to the Buick tires and bearing identical markings; there was no spare tire found on the Buick and it appeared that the Buick spare tire had been removed so as to give room for the liquor which completely filled the trunk and was packed in the inside of the car; also the back seat of the Buick had been sawed out so as to provide room for the load of liquor; after the seizure of the Oldsmobile and arrest of William David Pridgen, who was driving the Oldsmobile, there was found at the home of Pridgen a back seat which had been sawed out of some automobile and which was found to fit into the Buick and which had a seat cover on it similar in all respects to the cover found on the Buick's front seat.

The federal officers who arrested Pridgen and seized the Oldsmobile had no warrant for the arrest of Pridgen and no search warrant; however, they had reliable information to the effect that the Buick and Oldsmobile would be engaged in a violation on the night and at the place where the arrest and seizure were accomplished. The Court finds that the seizure was lawful.

Pridgen was tried by this Court without a jury on charges of violating Sections 5686(b) and 7206(4) of the Internal Revenue Code, 26 U.S.C.A. §§ 5686(b), 7206(4), and was found not guilty. The Court had strong reason to believe Pridgen was implicated in the violation but felt that the proof did not remove all reasonable doubt.

The Oldsmobile was owned by Louise Burgess Pridgen, wife of William David Pridgen, the driver, or at any rate she was the registered owner. But for this fact, perhaps the verdict of not guilty in the criminal case would terminate the proceeding favorable to the intervenors. Coffey v. United States, 116 U.S. 436, 437, 6 S.Ct. 437, 29 L.Ed. 684; United States v. One DeSoto Sedan, 4 Cir., 180 F.2d 583. In these cases the parties in the civil and criminal actions were identical and it was held that acquittal of the driver in the criminal action was conclusive against liability in the civil action, but in the instant case the real parties in interest are the United States, the owner of the car, Mrs. Louise Pridgen, and the Peoples Bank & Trust Co., of Rocky Mount, N. C., the holder of a chattel mortgage executed by the owner of the car. So that, the acquittal of William David Pridgen does not preclude the forfeiture of the car in question, if it be found that it was in violation of the statutes.

This Court recently had for consideration a case factually similar to this one, United States v. One 1957 Model Pontiac, D.C., 156 F.Supp. 837. In the memorandum filed in the case, I wrote:

"Upon these facts it is clear that the intervenor is not entitled to remission; the only question is with regard to whether the vehicle is subject to forfeiture under the statutes. The Government insists that the forfeiture is required under the rule set out in United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786, and other cases of similar import, to the effect that the statute authorizes forfeiture of an automobile used as a lookout in conveying another vehicle transporting non-taxpaid whiskey. Such is not the case here. The libelled automobile probably was involved in the scheme to remove the non-taxpaid whiskey which was later found on

the other three automobiles, but in no reasonable view, as I see it, was it used as a convoy or decoy car for them, or that it was used to block the federal officers' pursuit of the offending automobiles as was true in the case cited above. In my opinion, this case was settled against the Government by United States v. Lane Motor Co., 10 Cir., 199 F.2d 495, which the Supreme Court affirmed, 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622. We quote from the opinion of the Court of Appeals (199 F.2d 497):

" 'The statute brings within its sweep automobiles used in transporting raw materials or supplies intended for use in the operation of a distillery in violation of the revenue laws; automobiles used in transporting the finished contraband from such a distillery; and automobiles used as lookouts in convoying other vehicles employed in transportation of that kind. United States v. One 1948 Plymouth Sedan, 3 Cir., 198 F.2d 399. But neither of the vehicles involved in these actions was used for any of those purposes. No raw materials or supplies intended for use in connection with the operation of a distillery in violation of law were transported in either of these vehicles. No finished product of such a distillery was transported in them. They were not employed for lookout purposes in convoying other automobiles used for transportation of that kind. Neither of them was otherwise used as an instrumentality in the operation of the illicit distillery. And there was no showing whatever that either of them was intended for any of such uses. They were merely employed as a convenient and conventional means of transporting the operator of the distillery from his home to a point quite removed from the site of the distillery. An automobile used only for that purpose, and bearing no other actual or intended relation to the operation of an illicit distillery or in furtherance of the illegal activity inhering in its operation, is not subject to seizure and forfeiture under [26 U.S.C.A. (I.R.C. 1939)] section 3116. United States v. One Ford Coach 1949 Model, 4 Cir., 184 F.2d 749; United States v. One 1948 Plymouth Sedan, supra. The United States places strong emphasis upon United States v. One 1950 Ford Half-Ton Pickup Automobile Truck, 6 Cir., 195 F.2d 857. While the case merits great respect, we cannot escape the considered view that under the facts disclosed in the cases now before us forfeiture is not warranted.' "

But, if it be conceded that the facts justify forfeiture under the statutes, it appears that Louise Pridgen, the owner, is entitled to remission of the forfeiture. While the evidence established that David Pridgen, the husband and driver, had a reputation for violating the liquor laws, it also established that Louise Pridgen, the wife and owner, is a woman of good character and without such reputation or any record. There was no evidence from which it might be found that she knew or had any reason to believe the car would be used in violation of the liquor laws.

As the owner, from whom the Peoples Bank acquired its interest, had no reputation or record for violating the liquor laws, the Bank was under no duty to make the statutory inquiry, and as it is conceded that the Bank acquired its interest in good faith and had no knowledge or reason to believe that the libelled car was being or would be used in violation of the liquor laws, the Bank also would be entitled to remission to the extent of its interest, if the car were held subject to forfeiture. But the Court holds that the evidence does not support an order of forfeiture and this holding, of course, gives full relief to both the actual owner of the car and to the Bank which holds the mortgage.

It is adjudged that the libel be dismissed and that the marshal deliver the 1957 Model Oldsmobile "88" to the owner, Mrs. Louise Pridgen, upon payment of the costs of this proceeding, not including attorney's docket fee, together with all storage charges.