**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1957 FORD 2–DOOR SEDAN, SERIAL NO. D7NV–106275, Appellee.**

**No. 7710.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 20, 1958.

Decided Oct. 23, 1958.

**652**

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for appellant.

A. Jeffery Bivins, Newport News, Va. (Phillips M. Dowding, Bivins, Jacobs & Bivins, and Murray, Ford, West & Wilkinson, Newport News, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BARKSDALE, District Judge.

BARKSDALE, District Judge.

The United States has appealed from an order of the district court denying forfeiture of a Ford automobile alleged by the Government to have been used, or intended for use, in violation of the Internal Revenue laws, and therefore subject to forfeiture under the provisions of 26 U.S.C.A. §§ 7301, 7302. The facts, about which there was little or no dispute, were as follows:

In the early afternoon of August 8, 1957, officers saw a pickup truck stopped on Route 168 near Warwick, Va. Having knowledge of this truck, the officers searched it and found a considerable quantity of illegal whiskey under the floor covering. Concealing themselves nearby, in a few minutes, the officers observed the Ford automobile here in controversy pass the pickup truck and go on out of sight in a northerly direction. Three men were in the Ford, one Mooring driving. A few minutes later, the Ford and its occupants reappeared and repassed the truck, going south. Within a few minutes, the Ford reappeared and stopped in front of the truck and one Ward (the actual owner of the Ford, although it was registered in the name of his mother), got out of the Ford and approached the truck carrying a can of gasoline and a box of tools. Mooring told Ward there was no one in the truck and instructed him to put the gasoline in it. Mooring got out of the automobile, walked over to the truck, looked under the metal floor covering used to conceal the whiskey, and waved to Teel, the third occupant of the Ford, to drive it away, which he did. Mooring then went to the side of the truck and started to open the door, while Ward was proceeding with the gasoline can to the gas tank of the truck. At this time, the officers appeared and apprehended Ward and Mooring. About the time Mooring and Ward were being apprehended by the officers, the Ford reappeared heading toward the truck, but made a U-turn in the highway, and headed south again. The officers gave chase, caught and stopped the Ford, and arrested Teel, its driver, who was found to be in the possession of the ignition key of the pickup truck.

Upon this state of facts, the district court denied forfeiture, relying principally upon United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622, and United States v. One Ford Coach, 4 Cir., 184 F.2d 749.

In Lane, the operator of an illegal distillery drove the motor vehicles in controversy a number of miles from his home and parked them at a point one-half mile or more from the distillery, the operator walking the rest of the way. No materials or utensils for use at the distillery were transported in these vehicles. The Supreme Court held that the vehicles were not subject to forfeiture, saying (344 U.S. at page 631, 73 S.Ct. at page 460):

> "We think it clear that a vehicle used solely for commuting to an illegal distillery is not used *in* violating the revenue laws."

In the other case relied upon by the district judge, United States v. One Ford Coach, supra, the vehicle in controversy also was used solely for the transportation of its owner from his home to a barn where illegal whiskey was stored and sold, the vehicle itself taking no part in the illegal activity more than to transport the owner to his place of business.

We do not think that the facts of this case bring it within the ambit of these two decisions. The Ford automobile here in controversy was used, and intended for use, in much more activity than merely "commuting" to an illegal activity. Undoubtedly, the pickup truck had been used for the removal of illegal whiskey, and was at the time being used for its concealment. The conclusion is inescapable that the Ford automobile was being used, and intended to be used, not only for the transportation of the three men to the pickup truck with its load of illegal liquor stopped on the highway, but to transport to it gasoline, tools, and its ignition key, all or some of which were necessary for a continuation of the removal and concealment of the illegal whiskey.

Besides, it is obvious that the Ford automobile was being used, not precisely as a pilot or lookout car for the pickup truck, but as a scouting or reconnaissance car to facilitate the illegal activity.

It is our view that the case of United States v. One 1956 Ford, 4 Cir., 253 F.2d 725, 726, in which forfeiture was approved, is quite analogous. There, the automobile in controversy was not used as a "lookout" or "pilot" for a truck loaded with contraband sugar, but accompanied it "to render what assistance might be appropriate in the event of a mechanical breakdown". There was no mechanical breakdown of the contraband laden truck, but the automobile in controversy accompanied it so that it "could go wherever need be to obtain parts, tools and mechanics, to provide means of hiding the truck or to effect an escape * * *"

Here, the contraband laden pickup truck had been rendered immobile by lack of gasoline or some kind of mechanical defect, and the Ford automobile, which was under the dominion and control of the principals in this illegal activity, came to its rescue, so that the violation of the internal revenue laws might continue. It is our conclusion therefore that the decision of the district court must be reversed and that an order of forfeiture should be entered. However, the district court did not pass upon a lienholder's petition for remission or mitigation, so the case will be remanded for consideration of this petition and such further proceedings thereon as the district court shall determine.

Reversed and remanded.