Hazel SIMPSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16397.

United States Court of Appeals Ninth Circuit.

Nov. 23, 1959.

David J. Lee, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., John J. Wilson, Richard A. Lavine, Burton C. Jacobson, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This proceeding was instituted by the United States for the forfeiture of a 1957 Cadillac automobile by virtue of its use in violation of the Internal Revenue laws. 26 U.S.C. § 7302. From judgment rendered by the District Court in favor of United States, appellant, as owner of the automobile, has taken this appeal.

Appellant allegedly operated bookmaking establishments in the City of Los Angeles, which violated the revenue laws in that she had failed to pay the tax (26 U.S.C. § 4411) imposed upon those engaged in the receiving of wagers or to register as one so engaged with the official in charge of the Internal Revenue District (26 U.S.C. § 4412).

The sole question presented by this appeal is whether the use of the car as established by the record was so connected with the allegedly illicit operation as to subject the car to forfeiture.

The government contends and the District Court found that appellant was operating at least four bookmaking establishments at somewhat widely separated locations and that she actively participated in their supervision.

Testimony of a police officer was to the effect that he had met appellant in connection with a police raid on one of her establishments; that later on two occasions in October, 1957, he had met with her at her request; that upon the first occasion she had offered him a bribe if he would leave her establishment alone and concentrate his enforcement on her competitors; that on the second she had paid him $200.00 for such purposes; that the location of each rendezvous had been specified by appellant with an eye to privacy; that on the first occasion she had not been satisfied with the place originally designated and had instructed the officer to drive to another spot to which she had followed him; that on each occasion she had driven to the rendezvous in her Cadillac automobile.

The only other evidence of the use of the car in connection with the gambling operations of appellant was the testimony of the same police officer to the effect that some days prior to the first rendezvous

he had seen appellant in her car at one of her bookmaking establishments.

In our view, this evidence is not sufficient to render the car subject to forfeiture. It is established by United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622, affirming 10 Cir., 199 F.2d 495, and United States v. Plymouth Coupe, 3 Cir., 182 F.2d 180, that an automobile used only for the personal convenience of the owner as transportation to the site of the illicit operation is not subject to seizure.

The United States relies upon United States v. General Motors Acceptance Corporation, 5 Cir., 239 F.2d 102; Nocita v. United States, 9 Cir., 258 F.2d 199, and D'Agostino v. United States, 9 Cir., 261 F.2d 154.

In General Motors Acceptance Corporation, the seized car had been used to transport lottery tickets, a use which the court regarded as "an active aid in violating the revenue laws." [239 F.2d 104.] In Nocita, the car had been used to pick up and transport winnings from wagering contracts. In D'Agostino, the car had been used to transport betting markers and to make the rounds of betters on a weekly basis.

These cases are clearly distinguishable from the case at bar. In each of these cases, the car was directly involved in the illicit business operation. The case before us, in our view, is controlled by the Lane Motor Co. and Plymouth Coupe cases. It is a case in which the car was used to transport the owner to a point from which she could proceed to engage in her illicit operations. It is not a case in which the car was used in the course of such operations.

The District Court found that the car "was used to some substantial extent in exercising management and supervision" over the establishments of appellant. Assuming the sufficiency of such a use to subject the car to seizure (which we need not decide), there is no evidence to support the finding. It is apparent from the finding itself and from the opinion of the court that the finding was based upon inference drawn from the fact that there were rather widely separated establishments under the supervision of appellant and from the further fact that she had been seen in her car outside of one of them.

It is not enough to show that use of the car would, to the owner, have been a convenient method of meeting her business responsibilities. The burden is upon the government to establish not the fact that use of the car would have been convenient but the fact that such use was actually made.

Reversed and remanded with instructions that judgment be entered for appellant, restoring the seized automobile to her.