283 F.2d 473
 Dean C. BURT, Claimant of One 1954 Chevrolet 4-Door Sedan,
etc., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 18459.
 United States Court of Appeals Fifth Circuit.
 Nov. 14, 1960.
 
 James M. Roberts, Atlanta, Ga., for appellant.
 William C. O'Kelley, Asst. U.S. Atty., Charles D. Read, Jr., U.S. Atty., Atlanta, Ga., for appellee.
 Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.
 TUTTLE, Circuit Judge.
 
 
 1
 This appeal is taken from the denial of appellant's motion for a directed verdict and from the denial, following the verdict and the entry of judgment thereon, of his motion for a new trial, or, in the alternative, for a judgment in accordance with his motion for a directed verdict.
 
 
 2
 By this proceeding the government sought the forfeiture of claimant-appellant's automobile under the provisions of 5615 and 7302 of the Internal Revenue Code, 26 U.S.C.A. 5615, 7302, the contention being that the vehicle was engaged in the transportation of materials to be used in the construction and operation of an illicit distillery. To the government's libel of information the appellant filed an answer contesting the guilt of his automobile.
 
 
 3
 At the trial government offered in evidence the testimony of agents who had kept the distillery under surveillance for some weeks and who had raided the site on August 18, 1959, arresting the three individuals found there along with about 148 1/2 gallons of illicit liquor, certain raw materials, and the equipment apparently used to manufacture the liquor. Appellant was not found at the site and has not arrested. His automobile was seized at another location on the day after the raid.
 
 
 4
 The agents testified that they had on numerous occasions seen the appellant and those arrested in the raid going to and from the site of the distillery in the defendant automobile. They admitted never having seen the removal from the automobile of materials which might be used in the enterprise, but they reported that on one occasion they saw a box containing undisclosed materials transferred from the car to a truck. The truck was apparently regularly used in the transportation of the forbidden materials. No evidence was offered by appellant.
 
 
 5
 The theory under which the government seeks to sustain the District Court's judgment of forfeiture is that the jury was justified in inferring from the testimony and the circumstances surrounding the operation of the distillery that the defendant automobile was used in the transportation of the forbidden materials. We think that such a finding by the jury must necessarily result from pure speculation and not upon reasonable inferences uhich the jury could draw from circumstantial evidence. There was no proof that at the time the automobile was seen at the still site the still had been installed. It had not been seen there for some days before the date of the raid, which is the first day there was any proof that a still was in operation. The fact that other motor vehicles were used by members of the operation makes it impossible to say that goods must have been transported to the distillery in this automobile, from which it would follow that the defendant automobile must be guilty. It appears clear that the government has here failed to make out its case.
 
 
 6
 Since the condemnation proceeding was not criminal, but merely civil, 'The United States was required to prove every essential allegation of this libel by a preponderance of the evidence, but it was not required to prove them beyond a reasonable doubt.' United States v. Bryan, 5 Cir., 265 F.2d 698, at page 701. The government has failed to satisfy even this burden of proof; there appears to have been no evidence of such probative value that the jury could have concluded that the guilt of this automobile was established.
 
 
 7
 Nor can a forfeiture be based upon the fact, here perhaps proven, that the defendant automobile was used in transporting the members of the enterprise to and from a site later found to be a distillery, for 'a vehicle used solely for commuting to an illegal distillery is not used in violating the revenue laws.' United States v. Lane Motor Co., 344 U.S. 630, at page 631, 73 S.Ct. 459, at page 460, 97 L.Ed. 622.
 
 
 8
 For these reasons we think that the judgment of the District Court must be and it is Reversed.