**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1959 PONTIAC TUDOR SEDAN Motor No. B271200, Serial No. 859A5856, Eddie Lane, Claimant, Appellee.**

**No. 19262.**

United States Court of Appeals
Fifth Circuit.

April 13, 1962.

Bobby C. Milam, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellant.

Wesley R. Asinof, Atlanta, Ga., for appellee.

Before CAMERON and BELL, Circuit Judges and CARSWELL, District Judge.

PER CURIAM.

The automobile here sought to be condemned as forfeited under 26 U.S.C.A. §§ 7301 and 7302 because it had been used in violating the Internal Revenue laws, 26 U.S.C.A. § 5691(a), was found not guilty.

The court found as a fact that it was owned by one engaged in business as a wholesale liquor dealer who had not paid the tax due under 26 U.S.C.A. § 5111(a) and that it was used by the dealer in transporting a whiskey customer to a pickup point where he was transferred to an older vehicle which in turn trans-

ported the customer along with the whiskey to the premises of the customer. The vehicle was then used by the dealer to go to the premises to collect from the customer. On the next day it was used to take the dealer to the premises of the same customer where he received another order which was in turn delivered in the older vehicle. The dealer then returned to the premises and collected for the second order.

 The burden was on the government to show that the vehicle had been used as charged, and the law is well settled that the mere use of a car as transportation to and from a business prohibited under § 7302 does not subject it to forfeiture. United States v. Lane Motor Co., 1953, 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622; Burt v. United States, 5 Cir., 1960, 283 F.2d 473; Wingo v. United States of America, 5 Cir., 1959, 266 F.2d 421; and Simpson v. United States, 9 Cir., 1959, 272 F.2d 229. On the other hand, use of the vehicle in violating the Internal Revenue laws subjects the vehicle as an in rem violator to forfeiture. United States v. One 1952 Lincoln Sedan, 5 Cir., 1954, 213 F.2d 786, (vehicle used as a convoy or decoy for a truck transporting non-tax paid whiskey and to block the federal officers in pursuit of the truck); United States v. General Motors Acceptance Corporation, 5 Cir., 1956, 239 F.2d 102, (truck used to transport lottery tickets and in which wagers were accepted subject to forfeiture where an active aid in violating the revenue laws even though not used for transporting any commodity subject to seizure); Wingo, supra, (automobile used for transfer of large quantities of cash required in illegal lottery business subject to forfeiture); and United States v. Lawson, 6 Cir., 1959, 266 F.2d 607, (automobile used by dealer under § 5691 who fails to pay tax due under § 5111(a), to transport a prospective customer to a source of whiskey and to keep the customer out of sight while the whiskey was being procured and to take the customer out of town subject to forfeiture).

The District Court erred in finding the vehicle not guilty. It was used within the meaning of § 7302 in violating §§ 5111(a) and 5691(a) of the Internal Revenue Act of 1954, as amended. Reversed and remanded with direction to the District Court to vacate the judgment heretofore entered for claimant, and for the entry of judgment of forfeiture in behalf of the United States.