**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1964 PONTIAC BONNEVILLE**
**2-DOOR SEDAN, Serial No.**
**884D4300, Respondent.**

**No. 1128.**

United States District Court
E. D. Kentucky,
Covington Division.

Jan. 5, 1965

George I. Cline, U. S. Atty., Lexington, Ky., for libelant.

James C. Ware, Covington, Ky., John F. Dugger, Morristown, Tenn., for respondent and intervening petitioners.

SWINFORD, Chief Judge.

The court is of the opinion that the evidence in this case is not sufficient to sustain the forfeiture of the Pontiac automobile. The only facts from which inferences may be drawn to sustain the libel are as follows:

(1) Acquaintanceship and association between Larry Webb, the owner of the Pontiac, and Donald Leroy Plemmons, the driver of the Chrysler automobile containing the contraband goods, and J. V. Ball, who was riding in the Pontiac and had the key to the Chrysler in his pocket.

(2) The presence of Larry Webb with the Pontiac at a filling station in Lexington, Kentucky on January 19, 1964, at which time another Chrysler, which had been purchased by Larry Webb and registered in the State of Ohio to L. D. Plemmons, had removed from it overload springs.

(3) At that time a set of Tennessee license plates were "taken out of" the 1964 Pontiac and placed on the Chrysler.

(4) The presence of these two cars on I–75 between Lexington and Covington, Kentucky with the Pontiac in front of the Chrysler on February 23, 1964.

(5) As the officers followed the two cars, the Pontiac suddenly speeded up and went to the parking lot next to the liquor store where the defendants were later apprehended.

(6) The Chrysler later came into the same parking lot.

There is nothing in these facts nor any inference which may be properly drawn from them that would justify the court in holding that the Pontiac did any single act in furtherance of the concealment of the liquor.

Reasonable inferences drawn from these facts, which may point as easily to the innocence of the Pontiac as to its guilt, are not sufficient to convince the mind of the court that a forfeiture is justified, United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622; United States v. One 1957 Model Pontiac, D.C., 156 F.Supp. 837; Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F.2d 622.

It is ordered that the libel be dismissed.