**ONE 1961 LINCOLN CONTINENTAL SEDAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18177.**

United States Court of Appeals
Eighth Circuit.

May 10, 1966.

Peter Lindberg, Minneapolis, Minn., made argument for appellant and filed brief with Joseph Robbie, Minneapolis, Minn.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., made argument and filed brief with Miles W. Lord, U. S. Atty., Minneapolis, Minn.

Before MATTHES and GIBSON, Circuit Judges, and HUNTER, District Judge.

MATTHES, Circuit Judge.

The United States filed its libel in the United States District Court for the District of Minnesota under Title 26 U.S.C.A. § 7302 for the forfeiture of one 1961 Lincoln Continental automobile, United States currency in the amount of $171, and miscellaneous jackpot tickets and wagering paraphernalia.[1] The libel alleged that all of the mentioned property had been possessed and used by Andrew J. Kraska in Hennepin County, Minnesota, on January 10, 1964, and prior dates, in carrying on the business of receiving wagers for profit and conducting a wagering pool or lottery for profit, in violation of the internal revenue laws of the United States. The libel also averred that Kraska had not paid the special occupational tax imposed by 26 U.S.C.A. § 4411 and had not registered, as required by 26 U.S.C.A. § 4412.[2]

The issues were joined by the filing of an answer by claimant and the cause was tried before the court, Honorable Edward J. Devitt, without a jury. The court filed its memorandum order, containing findings, and entered a judgment of forfeiture. This appeal was timely taken and perfected.

Several points are advanced for reversal of the judgment. The only contention having merit goes to the sufficiency of the evidence to sustain the finding that the seized automobile and currency were intended for use or had been used for carrying on claimant's unlawful gambling operations.

■■ The applicable law is well settled. The Government has the burden of proving the material allegations of the libel. Utley Wholesale Co. v. United States, 308 F.2d 157, 159 (5 Cir. 1962);

---

1. 26 U.S.C.A. § 7302 provides, in pertinent part: "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws * * * or which has been so used, and no property rights shall exist in any such property * * *."

2. We shall hereinafter refer to Kraska as "claimant".

United States v. One 1955 Mercury Sedan, etc., 242 F.2d 429–430 (4 Cir. 1957); Patenotte v. United States, 266 F.2d 647, 651 (5 Cir. 1959); D'Agostino v. United States, 261 F.2d 154, 157 (9 Cir. 1958), cert. den., 359 U.S. 953, 79 S.Ct. 739, 3 L.Ed.2d 760. The mere use of an automobile as transportation to and from a business prohibited by § 7302 does not subject the vehicle to forfeiture. United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622 (1953); Simpson v. United States, 272 F.2d 229 (9 Cir. 1959); Wingo v. United States, 266 F.2d 421 (5 Cir. 1959).

The evidence is undisputed and conclusively established these facts. Claimant, a resident of Minneapolis, Minnesota, owned and possessed the forfeited Lincoln Continental Sedan. During December, 1963 and in January, 1964, he was engaged in unlawfully selling jackpot tickets on athletic events, such as football and basketball games. Claimant admittedly had failed to comply with the federal statutes requiring registration and the payment of the wagering tax.[3] Claimant conducted his bookmaking business, in part at least, from different taverns in Minneapolis. He used the Lincoln Sedan as transportation to different taverns where he engaged in selling the jackpot tickets. The foregoing was proved by Government witnesses and was admitted by claimant, who testified in his own behalf.

Claimant was arrested pursuant to a warrant on January 10, 1964, while he was driving the Lincoln Continental. He admitted at the time of his arrest that he did not have the required federal wagering stamp. He disgorged and delivered to a Government agent fifty-four $1.00 bills which were in his right front pocket, and six $10.00 bills, five $5.00 bills, thirty-two $1.00 bills and four jackpot tickets which were in his left front pocket. Search of the automobile disclosed a brown paper bag under the right front seat. The bag contained seven jackpot ticket boards. Claimant testified that the boards had been given to him but he admitted ownership thereof and that he intended to use the boards in his bookmaking business.

Judge Devitt's appraisal of the evidence is summed up in this language:

"There appears to be, therefore, no question that the automobile was used to carry and transport jackpot tickets within the meaning of 26 U.S.C., Section 7302 which provides in part (statute is set forth)."

█ It is contended, in behalf of appellant, that the Government did not meet the burden of proving its case *beyond a reasonable doubt*. One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) is cited for the proposition that the proof must be "beyond a reasonable doubt." We do not regard *Plymouth Sedan* as apposite. That case does not consider the question of the degree of proof required in a forfeiture case. Overwhelming authority unequivocally holds that the essential facts must be established by a preponderance of the evidence and not beyond a reasonable doubt. Utley Wholesale Co. v. United States; United States v. One 1955 Mercury Sedan, etc.; Patenotte v. United States; D'Agostino v. United States, supra. Cf. United States v. Regan, 232 U.S. 37, 48, 34 S.Ct. 213, 58 L.Ed. 494 (1914).[4]

██ Appeals in forfeiture cases are governed by the Federal Rules of Civil Procedure. Rule 81(a)(2). Colusa Remedy Co. v. United States, 176 F.2d 554, 557 (8 Cir. 1949), cert. den., 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561; Utley Wholesale Co. v. United States, supra. Therefore, this case is here for review as ordinary civil cases tried by the Judge without a jury. We must accept the findings of the trial court unless clearly

---

3. Claimant was prosecuted for unlawful bookmaking and was sentenced to one year in prison. The sentence was suspended.

4. Although claimant argued in the trial court for application of the same standard, "proof beyond a reasonable doubt", Judge Devitt did not specifically discuss that question.

erroneous. Rule 52(a), F.R.Civ.P.; Colusa Remedy Co. v. United States; United States v. One 1955 Mercury Sedan, etc., supra.

We reject as untenable the argument that the Government failed to make a case. The evidence points irresistibly to the conclusion that the Lincoln Sedan and the $171 in currency were intended for use, and were used, for purposes proscribed by § 7302. Claimant's tools of his trade, the jackpot tickets, and currency in suitable denominations for carrying on his business were found on his person and in the forfeited automobile. This is not a case where the automobile was used merely for personal transportation as was true in United States v. Lane Motor Co., supra, and Simpson v. United States, supra. The facts germane to the use of the automobile are strikingly similar to D'Agostino v. United States, supra, and are probably stronger than the facts in Wingo v. United States, supra, where forfeitures were sustained. A sufficient amount of currency to meet the demands of a bookmaker appears to be a necessary and closely related implement or facility for the business of selling jackpot tickets as here transacted in taverns and other places. See United States v. $2,117.41 in Currency, 218 F.Supp. 351 (W.D.Mo. 1963); United States v. $4,298.80 in Currency, 179 F.Supp. 251 (D.Md.1959).

We are confident that the Government proved its case even under the more stringent standard contended for. The district court correctly ordered the currency and automobile forfeited to the United States.

Lastly, counsel for appellant attacks the admissibility of the evidence found in the automobile on the supposition that it was the product of an illegal search. We find that this contention is wholly without merit. The record discloses that no objections were made to the introduction of this evidence either before or during the trial. For the search and admissibility of the product of the search to be challenged on appeal, that challenge must be made in the first instance in the trial court. "Fairness to that court and to counsel and to a reviewing court demands this. So do 'fair procedural requirements' ". Robinson v. United States, 327 F.2d 618, 623 (8 Cir. 1964); Gendron v. United States, 295 F.2d 897 (8 Cir. 1961). Even absent this procedural prohibition, the evidence clearly demonstrates that the search of the automobile was conducted incidental to a lawful arrest and well within the recognized constitutional limitations and presents no question of plain or fundamental error.

The judgment is affirmed.