## UNITED STATES v. PLYMOUTH COUPE (1941) SERIAL No. 15051526.

### No. 10151.

United States Court of Appeals Third Circuit.

Argued May 4, 1950.

Decided May 17, 1950.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

The appeal raises the question of the effect in forfeiture proceedings of an unreasonable seizure of a chattel by federal officers. The chattel was used in violation of the internal revenue laws. Int.Rev.Code § 3116.[1]

The chronology of the case runs as follows: On February 14, 1948, state police officers armed with a warrant discovered a still. They arrested certain persons. From those arrested and others they learned the ownership of the still and that a man named Rocco De Bonis had visited the still in a 1941 black Plymouth coupe. At 6:30 in the morning on May 19, 1948, three months after the raid on the still, two investigators of the Alcohol Tax Unit entered the yard of the De Bonis residence, where the automobile and a truck were parked, and drove both vehicles away. The officers had no search warrant. They seized the automobile.[2] It is conceded that when the automobile was taken it contained no contraband, nor is there any evidence that the vehicle had been used for illegal purposes since the seizure of the still or that it was so to be used in the future. Nor is there any suggestion that the car was in danger of being removed from within reach of the authorities. On these facts the forfeiture libel was granted by the District Court. D. C.W.D. Pa. 1950, 88 F.Supp. 93.

Counsel for the United States does not

---

1. Int.Rev.Code, § 3116, 26 U.S.C.A. § 3116:

   "Forfeitures and seizures

   "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of the Act of June 15, 1917, 40 Stat. 228 (U.S.C., Title 18, §§ 611-633), for the seizure of such liquor or property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. The seizure and forfeiture of any liquor or property under the provisions of this part, and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws."

2. There was testimony which was not contradicted that this vehicle did not belong to Rocco De Bonis, who pleaded nolo contendere when charged with violation of the internal revenue laws. Testimony showed it having belonged to a daughter, Mrs. Vince, who prior to the seizure had transfered it to her brother, Anthony De Bonis. The truck is not involved in this case.

claim that the seizure was not a violation of the constitutional provision against unreasonable searches and seizures.[3] He could hardly do so in view of the above recited facts, "the total atmosphere of the case."[4] But he says that in a forfeiture proceeding the fact that the government's possession is founded upon an unlawful seizure is immaterial. Regardless of the impropriety of the seizure, he says, the government having possession of the vehicle may institute forfeiture proceedings against it.

■ An answer contrary to the government's contention here was made by this Court in Daeufer-Lieberman Brewing Co. v. United States, 3 Cir., 1925, 8 F.2d 1. There it was held that the government's "unlawful possession of the property cannot validly sustain a proceeding instituted for its forfeiture and destruction." 8 F.2d at page 4. We think it a little unusual that this decision was not cited to us by counsel, for the point was considered at length in Judge Woolley's opinion and was reaffirmed twice in subsequent decisions of this Court.[5] There is opinion contra in other circuits.[6] But we shall adhere to the view previously expressed by this Court unless compelled to change it by decisions of the Supreme Court of the United States.

■ We have three reasons for doing so. One is that this Court, not very long ago, three times decided the point. There ought to be some continuity in judicial decision, especially where the effect of that decision is to lay down rules which guide conduct. This one does, or should. Second, we think the rule fits in with the well established line of cases which requires the exclusion of evidence unlawfully obtained. That rule has, as is well known, been subject to criticism[7] and there is a split of opinion on it in state courts,[8] but it is a clearly established federal rule. And finally, we see no reason why officers of the law should be encouraged in making so brazen and unwarranted a seizure of a citizen's property as the one made here. There was not the slightest emergency; there was no reason why the seizure, if it was to be made, should not have been made following the issuance of a warrant in regular fashion.

■ In no case which we have found has the Supreme Court expressly dealt with the effect in forfeiture proceedings of unlawful seizure by federal officers. The District Court relied upon language to the effect that in forfeiture proceedings the United States may adopt an unlawful seizure and enforce its claim as though the seizure had been duly authorized. Such language was most recently used in a forfeiture case in Dodge v. United States, 1926, 272 U.S. 530, 532, 47 S.Ct. 191, 71 L.Ed. 392. But there the unlawful seizure was by state officers.[9] And in Maul v. United States, 1927, 274-

3. U.S.Const. Amend. IV: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

4. United States v. Rabinowitz, 1950, 339 U.S. 56, 66, 70 S.Ct. 430, 435.

5. John Hohenadel Brewing Co. v. United States, 3 Cir., 1926, 9 F.2d 1018; United States v. 419 Barrels of Malt Beverage, 3 Cir., 1926, 9 F.2d 1022.

6. United States v. Eight Boxes, 2 Cir., 1939, 105 F.2d 896; Strong v. United States, 1 Cir., 1931, 46 F.2d 257, 79 A. L.R. 150, certiorari dismissed per stipulation, 284 U.S. 691, 52 S.Ct. 27, 76 L.

Ed. 583; Bourke v. United States, 6 Cir., 1930, 44 F.2d 371, certiorari denied, 282 U.S. 897, 51 S.Ct. 182, 75 L. Ed. 790.

7. See 8 Wigmore on Evidence §§ 2183-2184a (3d ed. 1940).

8. State authorities are contrasted with. Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177, in an appendix to Wolf v. Colorado, 1949, 338 U.S. 25, 33–39, 69 S.Ct. 1359, 93 L. Ed. 1782.

9. Evidence which has been unlawfully seized by state officers without the participation of federal authorities may be introduced in federal courts even though an identical seizure by federal officers would preclude its admission. Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S._

U.S. 501, 512, 47 S.Ct. 735, 71 L.Ed. 1171, the question of the effect of an unlawful seizure by federal officers was specifically left open.

The rule we enunciated in the Daeufer-Lieberman case, supra, finds support in Cook v. United States, 1933, 288 U.S. 102, 53 S.Ct. 305, 77 L.Ed. 641, where the United States Coast Guard, in violation of a treaty, seized a British rum-runner. The libel was dismissed and the Dodge Case, supra, distinguished: "The doctrine [of the Dodge case] is not applicable here.

The objection to the seizure is not that it was wrongful merely because made by one upon whom the Government had not conferred authority to seize at the place where the seizure was made. The objection is that the government itself lacked power to seize, since by the Treaty it had imposed a territorial limitation upon its own authority." 288 U.S. at page 121, 53 S.Ct. at page 312.

The judgment of the District Court will be reversed and the case remanded with directions to dismiss the libel.

Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Weeks v. United States, 1914, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L. Ed. 652, L.R.A. 1915B 834, Ann.Cas. 1915C, 1177; cf. Feldman v. United States, 1944, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408, 154 A.L.R. 982.