**Sam Abraham DE HART, Appellant,**

v.

**UNITED STATES of America,**
Appellee (3 cases).
Nos. 7231, 7243, 7244.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1956.
Decided Oct. 3, 1956.

· George B. Dillard, Roanoke, Va., and J. B. Allman, Rocky Mount, Va., for appellant.

Thomas J. Wilson, Asst. U. S. Atty., Harrisonburg, Va. (John Strickler, U. S. Atty., Roanoke, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

These are appeals in cases involving the possession of a large quantity of sugar intended for use in the manufacture of whiskey in violation of the internal revenue laws. One of the cases was a criminal prosecution, the others were brought for the forfeiture of the sugar and of the truck in which it was being transported at the time of seizure. Jury trial was waived and all of the cases were heard together by the District Judge, without a jury, who found the defendant guilty in the criminal case and ordered the forfeiture of the sugar and truck. The only question presented by the appeal is whether the evidence was sufficient to sustain this action on his part. We think that it was.

The evidence showed that the defendant DeHart is a resident of Endicott in Franklin County, Virginia, and is engaged in hauling coal from mines to tipples. He is not engaged in the mercantile business. Nevertheless he purchased 11,-750 pounds of sugar in Bluefield, Virginia, 80 miles from his residence, purchased it in a fictitious name and hauled it over the mountains into Franklin County, where it was seized. He paid for it more than it could have been purchased for in Roanoke, 20 miles nearer to his home, and, if purchased there, it would have been delivered by the seller free of charge. He had obtained a merchant's license although having no place of business as a merchant. He was bringing the sugar into a section where there was "considerable bootleg whiskey activity" and sugar is one of the ingredients used in making bootleg whiskey. During the five months immediately preceding the seizure he had purchased 225,000 pounds of sugar in a fictitious name, and after the seizure he went to the seller and

asked to have the bill changed to another name, saying that he "got caught". No evidence was offered in explanation of the purchase and possession of so large a quantity of sugar by a man not engaged in the mercantile business and the conclusion is inescapable that he was hauling it into the territory where bootleg whiskey was being made for use in that unlawful business. It would, of course, be no defense that he intended to sell it to illicit distillers instead of to use it himself in illicit distilling, Backun v. United States, 4 Cir., 112 F.2d 635, 637; and the circumstances clearly indicate that he knew that it was intended for this unlawful use. To hold otherwise would be to close our eyes to facts which are susceptible of no other reasonable explanation and to stultify the administration of justice in the view of all right thinking men.

Affirmed.