**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1956 FORD TUDOR SEDAN (Victoria) Motor No. M6NV–112513 (Steve Kaluk, Jr., Claimant), Appellee.**

**No. 7564.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 23, 1958.

Decided April 2, 1958.

Percy H. Brown, Asst. U. S. Atty., Charleston, W. Va. (Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., on brief), for appellant.

Joseph M. Sanders, Jr., Bluefield, W. Va. (Sanders, Smoot & Sanders, Bluefield, W. Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This is a proceeding under §§ 7301 and 7302 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 7301, 7302 for the forfeiture of an automobile. The District Court reached the legal conclusion that the vehicle was not forfeitable, because, in its view, the substantially uncontradicted facts did not show that it had been used, or was intended for use, in violation of the internal revenue laws. The United States has brought the case here.

The owner of the Ford automobile, one DeHart, using a fictitious name, purchased for cash a large quantity of sugar in Bluefield, Virginia. At DeHart's direction, the sugar was loaded upon a truck and transported approximately 80 miles to a point in Franklin County, Virginia, where it was seized. The sugar and the truck were forfeited to the United States, and both DeHart and Weeks, the driver of the truck, were convicted of unlawful possession of the contraband sugar. See DeHart v. United States, 4 Cir., 237 F. 2d 227.

In the transportation of the sugar, DeHart, in his Ford automobile, accompanied the truck. The two vehicles proceeded at approximately thirty-five miles an hour, DeHart in the Ford being sometimes in front of the truck, at other times immediately behind it. Once they stopped at a filling station where gasoline for the truck was purchased by DeHart.

Weeks testified, and the District Judge found as fact, that there was no prearrangement by which DeHart, in the Ford, was to act as a "lookout" or "pilot" for the truck. They were concerned, he said, about the mechanical condition of the truck, and DeHart went along on the journey to render what assistance might be appropriate in the event of a mechanical breakdown.

In United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622, it was settled that an automobile used by an illegal distiller solely to commute from his home to a point within walking distance of the distillery "is not used *in* violating the revenue laws" within the meaning of comparable forfeiture provisions of prior acts. In Lane, the distiller had no intention to use the vehicle for any purpose except to transport himself to a point near the place of his unlawful activity. We are not compelled to reach the same conclusion, however, when the use of the automobile bears a much more direct and immediate relation to the unlawful activity.

When distillers think it necessary to protect unlawful shipments of contraband with other automobiles containing guards and lookouts and the other automobiles are actually used for the prevention of attempted capture, use of the shepherding cars would seem, equally with that of the vehicles physically carrying the contraband, to be *in* violation of the revenue laws. Each type of vehicle, the truck and the protecting automobile, serves a special purpose, the one hardly less closely and immediately related to the successful accomplishment of the unlawful activity than the other. United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786; United States v. General Motors Acceptance Corporation, 5 Cir., 239 F.2d 102; United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552; United States v. One 1950 Model Willys Jeep, D.C.W.D.S.C., 91 F.Supp. 822; United States v. One 1938 Buick, D.C. Mass., 29 F.Supp. 752; United States v. One Dodge Sedan, D.C.Cal., 28 F.2d 44.

For the present purpose, it is of no consequence that, during a particular trip, the disruption sought to be avoided does not become an immediate threat to the successful conclusion of the project. In war times, the convoying destroyers, which protect and screen merchant ships, are not rendered useless or deprived of their protective relation to the cargoes of the merchant vessels when, on a happy voyage, no enemy submarine is encountered.

The mechanical failure of the truck, the fear of which occasioned DeHart's protective activity in the Ford automobile, did not eventuate. But he was there in the Ford, and the condition of the truck

was such that it was thought necessary or expedient that he be, to lend what assistance to the shipment the occasion required. Had there been mechanical failure of the truck, DeHart in the Ford could go wherever need be to obtain parts, tools and mechanics, to provide means of hiding the truck or to effect an escape for himself and Weeks.

■■ The reason the Ford was convoying the truck here may not have been precisely the same as in the other "lookout" and "piloting" cases, but protection of the shipment against a known risk occasioned the presence of the Ford here as it did that of the convoying cars in the other cases. Forfeiture does not turn upon differences in the risk sought to be avoided; whatever the risk which seems to require attendance of a convoying vehicle, the relation of the convoy to the shipment, for purposes of forfeiture, would seem to be the same.

Upon the established facts, as found by the District Court, we conclude that the convoying Ford automobile was being used in violation of the revenue laws within the meaning of §§ 7301 and 7302 and, because of that use, was forfeited.

■ The claimant also objected below, and renews his contention here, that seizure of the Ford automobile, without a warrant and some time after the violation, precludes the maintenance of the condemnation proceeding. We agree with the District Court that it does not.

■ Legal infirmities in the seizure do not impair the right of the United States to condemn or clothe the former owner with property and possessory rights he lost when he used the property in violation of the revenue laws. Considerations which, in criminal cases, require the suppression of evidence obtained in an unlawful search or seizure have no application here. The Court of Appeals for the Third Circuit, adhering to its earlier decisions to the contrary, in United States v. Plymouth Coupe, 3 Cir.,

182 F.2d 180, drew a distinction between unlawful seizures by federal officials and seizures by other unauthorized persons.[1] It is true that the Supreme Court in Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392, dealt with the effect upon the right of forfeiture of the United States of an unlawful seizure by a state official. In United States v. One Ford Coupé Automobile, 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279, 283, however, it was contended that a seizure by a federal officer was unlawful. Nonetheless, Mr. Justice Brandeis, speaking for the Court said:

> "It is settled that, where property declared by a federal statute to be forfeited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized."

Other Courts of Appeal have drawn no distinction in condemnation proceedings between unlawful seizures by federal officers and other persons, and have declared property forfeited despite unlawful seizure by federal officers. Sanders v. United States, 5 Cir., 201 F.2d 158; United States v. Pacific Finance Corporation, 2 Cir., 110 F.2d 732; United States v. Eight Boxes, 2 Cir., 105 F.2d 896; Two Certain Ford Coupé Automobiles v. United States, 5 Cir., 53 F.2d 187; Strong v. United States, 1 Cir., 46 F.2d 257, 79 A.L.R. 150; Bourke v. United States, 6 Cir., 44 F.2d 371. See also Harman v. United States, 4 Cir., 199 F.2d 34. We deem it unnecessary to extend, beyond the suppression of evidence in the criminal jurisdiction, the overlordship of the conduct of federal law enforcement officers.

Though we conclude that the Ford automobile was forfeited and the judgment below should be reversed for that reason, there was an application for remission under the provisions of 18 U.S.C.A. § 3617. The District Judge did not reach

1. See also United States v. One 1949 Model Ford Coach Automobile, D.C.W.D.S.C., 101 F.Supp. 492.

728

the merits of that application, and we do not consider them. The case will be remanded for consideration of the application to remit the forfeiture and for such further proceedings thereon as the District Court shall determine.

Reversed and remanded.

The late Chief Judge John J. PARKER expressed his approval of the result in the foregoing case, but died on March 17, 1958, without having had an opportunity to consider the opinion.