**UNITED STATES of America,**
**Appellee,**

v.

**James L. SKINNER, Appellant,**

**No. 81, Docket 25143.**

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1959.

Decided Dec. 8, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (L. Donald Jaffin, Asst. U. S. Atty., of counsel), Brooklyn, N. Y., for appellee.

Joseph Aronstein, New York City, for appellant.

Before LUMBARD, WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant was convicted of violating 26 U.S.C. § 5686(b)[1] in that he possessed

---

1. Now 26 U.S.C. § 5686(a) by virtue of Act of September 2, 1958, 72 Stat. 1414.

ten tons of sugar intended for use in the illegal manufacture of alcohol.[2] The case was heard in the District Court for the Eastern District of New York before Judge Byers, sitting without a jury.

■ Upon appeal appellant's first contention relates to the form of the information. As originally filed on May 29, 1957, it merely charged a violation of 26 U.S.C. § 5686(b). Since section 5686(b) declares it to be a crime to possess property intended for use in violation of any section of Chapter 51 of Title 26 of the U. S. Code or any regulation prescribed thereunder, the district court indicated that the information might be defective under Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., because it failed to specify the particular sections of Chapter 51 that the intended use of the sugar would violate. The court, however, did not dismiss the information but permitted amendment under Rule 7 (e) so as to enumerate the four sections which are set forth in footnote 2, supra. Appellant contends that the amended information charges four crimes instead of the single crime charged in the original information, thereby improperly enlarging the original charge as well as violating the requirement of Rule 8(a) that separate offenses be stated in separate counts. It is to be observed, however, that appellant was not charged with having violated any of the sections set forth in footnote 2, supra, but rather was charged with the possession of a single specified amount of sugar on a single specified date for an intended use which would violate several sections of Chapter 51 of the Internal Revenue Code. We hold that the amended information charged a single offense.

■ Second, appellant contends that the district court erred in relying upon evidence which had been illegally seized by the Government, and that, absent this evidence, sufficient proof against appellant was lacking. As indicated in the preceding paragraph, conviction under section 5686(b) requires proof of two matters: (1) possession of property, (2) intention that the property be used in violation of any section of Chapter 51. As to the first, the information charged appellant with the possession of ten tons of sugar on August 23, 1956. This was sufficiently proved by the unchallenged testimony of Joseph Krain of the Arrow Trading Company who sold the sugar to appellant on the above date and who watched it being loaded into appellant's truck. A government agent supplied corroborating testimony. As to the second, whether the property was intended for use in violation of sections of Chapter 51, there was substantial evidence to demonstrate that intent. Appellant was in the contracting and scaffolding business and he lacked a plausible explanation for the use to which this sugar was intended; he did not account satisfactorily for the disposition of five similar purchases made in the previous two months; a truck belonging to him was used in the operation of an illegal distillery discovered by a government raid in July 1956 and the truck into which appellant loaded the sugar purchased on August 23 was also connected to this illegal distillery. True, this evidence relates to occurrences prior to August 23. But this evidence is relevant as tending to prove a continuing pattern of conduct. Moreover, there is direct evidence that the sugar purchased on August 23 was intended for an illegal use. The truck into which the sugar was loaded was registered under a fictitious name. The sugar was purchased for cash without a bill of sale, and, once having become aware of government investigation, appellant sought bill of sale specifying a price lower than that ac-

2. The judgment of conviction stated that the sugar was intended for use in violation of Sections 5174(a), 5180, 5606 and 5216 of Title 26 of the U. S. Code. These sections relate respectively to registration of stills and distilling apparatus, publicizing registration by signs on the premises, distillation operations without the posting of bond, and fermentation of various ingredients in an unauthorized distillery.

tually paid by him. In summary, then, the Government would seem to have offered proof of intended illegal use considerably stronger than that held sufficient for conviction in De Hart v. United States, 4 Cir., 1956, 237 F.2d 227. All of this evidence was untainted by the illegal search and seizure which occurred on September 7, 1956 when, in a Brooklyn garage, government agents without warrant seized the truck appellant had used on August 23 to haul away the purchased sugar. A motion to suppress the evidence resulting from this illegal search and seizure was granted by Judge Abruzzo on February 5, 1958. Appellant has pointed to no instance where evidence suppressed by Judge Abruzzo was used in appellant's trial. The fact that suppressed evidence, if admitted, would tend to prove certain matters does not prevent the introduction of evidence, untainted by the illegal search and seizure, that tends to prove the same matters.

Judgment affirmed.