**Billy Ray ADAMS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9084.**

United States Court of Appeals
Tenth Circuit.

March 30, 1967.

Peter J. Wall, Denver, Colo., for appellant.

Bruce Green, U. S. Atty., Muskogee, Okl., for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Father and son were jointly charged and tried for violating the Internal Revenue laws relating to non-tax paid distilled spirits. A jury found each guilty of the four counts charged in the indictment. The son, appellant herein, appeals his conviction.

He was charged in count one of having possession of property and materials intended for use in violating the code.[1]

The second count informed that he carried on the business of a distiller without giving bond as required.[2]

He was also charged with making and fermenting mash fit for production of spirits on premises other than an authorized distillery.[3]

The final count charged possession of twenty-two gallons of distilled spirits in one gallon plastic jugs which did not contain the required unbroken stamp evidencing the payment of the tax required.[4]

The appeal alleges error: (1) in the indictment in that count one does not specifically describe the property and materials possessed; (2) that the evidence was insufficient to support the convictions on all counts; (3) that it was prejudicial error to permit the govern-

ment to elicit testimony from the father,[5] that he had a prior conviction of violation of the code relating to liquor; (4) that the instruction given on count two is erroneous or ambiguous constituting prejudicial error; (5) that the sentence imposed on count one is in excess of the term provided by statute.[6]

It is admitted that all the points raised, except sufficiency of evidence, were not raised before the trial court. Nevertheless, appellant asserts plain error. Rule 52(b), F.R.Crim.P.[7]

This court has noticed grave errors and fundamental errors which seriously affect the substantial rights of the accused, although not challenged by exception or motion in the trial court. Lucas v. United States, 355 F.2d 245 (10 Cir. 1966); Strickland v. United States, 339 F.2d 866 (10 Cir. 1965); Wright v. United States, 301 F.2d 412 (10 Cir. 1962).

"Only where it fairly appears that an error may have affected in a substantial degree the rights of an accused or contributed to a miscarriage of justice, is the ordering of a new trial justified." Wright v. United States, supra, at 414.

In determining whether alleged errors affected the substantial rights of appellant, all four corners of the record must be viewed. Wright v. United States, ibid.

Turning first to the objection to the indictment we are told, "The test is not whether the indictment could have been made more definite and certain. Rather, before a conviction, the indictment standing alone must contain the elements of the offense * * *." Clay v.

---

1. 26 U.S.C.A. § 5686(a).

2. 26 U.S.C.A. §§ 5173, 5601(a) (4).

3. 26 U.S.C.A. §§ 5222(a), 5601(a) (7).

4. 26 U.S.C.A. §§ 5205(a) (2), 5604(a) (1).

5. The father has not appealed.

6. This last error has been admitted by appellee.

7. "It is settled law that appellate courts will not consider instructions to which no

objections were taken at the time of trial * * * The foregoing rule is subject, however, to the exception that an appellate court has inherent power, upon its own motion, to inquire into the adequacy of a charge in cases where there is grave error which amounts to the denial of a fundamental right of the accused. Fed. Rules of Cr.Proc. rule 52(b)." Fischer v. United States, 212 F.2d 441, 444 (10 Cir. 1954).

United States, 326 F.2d 196, 198 (10 Cir. 1963).

■ The elements necessary to constitute a violation of 26 U.S.C.A. § 5686 (a) are possession and intention.[8] These elements are contained in count one of the indictment. A more complete statement could have been obtained by a motion for bill of particulars which was not demanded and therefore waived.[9] The objection does not present grievous, fundamental, or substantial error and cannot be noticed under Rule 52(b).

■ Cross examination of a co-defendant which elicited evidence of a prior conviction of the co-defendant could not affect the substantial rights of this defendant because it only affected the credibility of the witness's testimony. Errors in the cross examination of witnesses are prejudicial only if they affect the substantial rights of the defendant.[10]

■ The essential elements of the offense charged under count two of the indictment are (1) carrying on the business of a distiller; (2) without having the required bond. The office of the complained of instruction was to apprise the jury of these elements. The elements are set out twice in the instruction, therefore, "plain error" affecting the substantial rights of the defendant cannot be attributed to the instruction. "We do not approve this instruction but, in the circumstances of this case, it was not prejudicial error. The instructions given must be considered as a whole. Particular portions should not be separated and considered apart from the whole."[11]

The sufficiency of the evidence was raised by defendant's motion in the trial court and is here for review.

■ "We may not upset the verdict of the jury if, taking the view most favorable to the government, there is substantial evidence, either direct or circumstantial, which, together with the reasonable inferences to be drawn therefrom, sustains the verdict." Reynolds v. United States, 289 F.2d 698, 699 (10 Cir. 1961); Cartwright v. United States, 335 F.2d 919, 920–921 (10 Cir. 1964); Gusow v. United States, 347 F.2d 755, 759 (10 Cir. 1965). A review of the record convinces us that there is substantial evidence to sustain the verdict.

■ This court has recently referred to United States v. Pridgeon, 153 U.S. 48, 62, 14 S.Ct. 746, 751, 38 L.Ed. 631, wherein it is stated, " * * * the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack."[12] The error herein would not reduce the two year concurrent sentences properly assessed and therefore would not affect the period of appellant's incarceration.

Remanded for correction of the sentence as indicated hereinabove, and otherwise affirmed.

Affirmed.

---

8. United States v. Skinner, 272 F.2d 607, 608 (2 Cir. 1959).

9. Moore v. United States, 56 F.2d 794, 795 (10 Cir. 1932).

10. See McIntosh v. United States, 176 F.2d 514 (8 Cir. 1949).

11. Fitts v. United States, 335 F.2d 1021, 1022 (10 Cir. 1964).

12. Browning v. Crouse, 356 F.2d 178, 180 (10 Cir. 1966).