**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John L. BROWN, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cleveland JOHNS, Defendant-Appellant.**

Nos. 27333, 27334
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1969.

Certiorari Denied April 6, 1970.
See 90 S.Ct. 1261.

William E. Smith, Smith, Crisp & Hargrove, Americus, Ga., for appellants.

Walker P. Johnson, Jr., U. S. Atty., Macon, Ga., for appellee, Henry C. Stockell, Jr., Regional Counsel, Internal Revenue Service, of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

█ This case is of the genus, perennially with us, which questions the sufficiency of the evidence for the jury to convict the defendants of possessing sugar, bran, and yeast intended for use in the non-tax distilled spirits business in violation of 26 U.S.C.A. § 5686(a).[1] A jury found the defendants guilty and we affirm.[2]

Cleveland Johns, one of the appellants here, arranged with a grocer in Marshallville, Georgia, to purchase unusual amounts of sugar, wheat bran, and yeast. The arrangement between Johns and the grocer contemplated that the goods would be delivered to the grocer's home, not his store. Johns would then go to the grocer's home in the early hours of the morning, pay for the sugar, wheat bran, and yeast, and load these goods into two cars.

Early in the morning on January 30, 1968, the day of the arrest, A. L. Glass, a co-defendant who entered a plea of guilty, and John Brown, also an appellant herein, were riding in a Chrysler. Johns was in a Ford. Johns drove past the grocer's house, then returned and loaded a box into the Ford, drove away, and then returned again. Johns got out of the car, flashed a light around the area, and then drove away once again. Johns then met Glass and Brown, and both cars went to the grocer's house. There the three men loaded sugar, bran, and yeast into the two cars. When this was finished, Glass left in the Chrysler; about ten minutes later Johns and Brown left in the Ford. The officer watching the grocer's house radioed other investigators when the men drove off. One group of officers stopped the Chrysler, and Glass was arrested as he attempted to flee. Other investigators followed the Ford and arrested Johns and Brown after their car ran into a tree during the ensuing chase. After Johns was advised of his rights, he again attempted to escape. Later, he denied that he knew Glass or that he had picked up the supplies in Marshallville. When searched, Johns had in his billfold a piece of paper on which was written a telephone number and the name "Ed." The number belonged to Ed Walters, a known liquor violator. The Ford and the Chrysler, both equipped with heavy duty coil overload springs, contained seventy-nine bales of sugar, four hundred pounds of wheat bran, and forty-six pounds of yeast.

At trial Johns testified that Brown was along only to drive and load the car.

1. § 5686. Penalty for having, possessing, or using liquor or property intended to be used in violating provisions of this chapter
   (a) General.—It shall be unlawful to have or possess any liquor or property intended for use in violating any provision of this chapter or regulations issued pursuant thereto, or which has been so used, and every person so having or possessing or using such liquor or property, shall be fined not more than $5,000, or imprisoned not more than 1 year, or both.

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

He denied being in the illicit whiskey business but admitted a conviction for such in 1965. He claimed that the goods in question here were purchased for resale to a person unknown to him but who would call him on the phone. On the basis of this evidence the jury found both Johns and Brown guilty of violating § 5686(a). They now appeal, claiming the evidence was insufficient to support this verdict.

■ Although no motion for acquittal was presented to the court on behalf of either Brown or Johns, as required by Rule 29, Federal Rules of Criminal Procedure, we have nevertheless followed the example of Brookins v. United States, 5 Cir. 1968, 397 F.2d 261, *cert. denied*, 393 U.S. 952, 89 S.Ct. 377, 21 L. Ed.2d 364, and examined the record carefully.[3] Finding the evidence sufficient to support the conviction, we affirm.

Conviction under § 5686(a) requires proof of two matters, possession of the property and intention that the property be used in violation of the Internal Revenue Code. Adams v. United States, 10 Cir. 1967, 375 F.2d 635, *cert. denied*, 389 U.S. 880, 88 S.Ct. 117, 19 L.Ed.2d 173. Although the evidence of these elements is here inferential and circumstantial, this does not proscribe a finding of guilt. Sykes v. United States, 5 Cir. 1966, 373 F.2d 607. In this type of case, we may reverse only where the jury would be compelled to conclude from the evidence that there were reasonable hypotheses of innocence. In other words, if the evidence is such that

the jury could have believed that the defendants were guilty beyond a reasonable doubt, then the jury verdict must stand. Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Strauss v. United States, 5 Cir. 1963, 311 F.2d 926, *cert. denied*, 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412; Vick v. United States, 5 Cir. 1954, 216 F.2d 228.

The evidence before us is sufficient to meet this test. To hypothesize these appellants as innocent possessors of sugar, bran, and yeast for sale would be farcically naive. The surreptitious pre-dawn pickups from a private residence by a non-retailer of a large quantity of commodities used in distilling, followed by flight, disingenuous explanations, and connections with a known liquor violator indicate that both Brown and Johns possessed the property during the loading and transportation with the intent that it be used in the illegal distilling business. This is sufficient to warrant the jury's conviction and our affirmance. See Williams v. United States, 5 Cir. 1966, 361 F.2d 280; United States v. Sawyer, 4 Cir. 1961, 294 F.2d 24, *cert. denied*, 368 U.S. 916, 82 S.Ct. 196, 7 L. Ed.2d 132; United States v. Skinner, 2 Cir. 1959, 272 F.2d 607; Chapman v. United States, 5 Cir. 1959, 271 F.2d 593, *cert. denied*, 362 U.S. 928, 80 S.Ct. 755, 4 L.Ed.2d 746; DeHart v. United States, 4 Cir. 1956, 237 F.2d 227. Neither we nor the jury are compelled to stultify our common sense and accept an unreasonable hypothesis of innocence such as that suggested by the appellants.

Affirmed.

---

3. Where no motion is filed pursuant to Rule 29, there is some authority that the court cannot inquire into the sufficiency of the evidence except in the case of "manifest error" or a "miscarriage of justice." Tomley v. United States, 5 Cir. 1958, 250 F.2d 549, *cert. denied*, 356 U.S. 928, 78 S.Ct. 716, 2 L.Ed.2d 759; Moomaw v. United States, 5 Cir.

1955, 220 F.2d 589. On the other hand, there is also authority that the rule is not this strict. Hall v. United States, 5 Cir. 1961, 286 F.2d 676, *cert. denied*, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236; United States v. Renee Ice Cream Co., 3 Cir. 1947, 160 F.2d 353; Collins v. United States, 5 Cir. 1933, 65 F.2d 545.