**UNITED STATES of America,**
**Plaintiff,**

v.

**Jerome S. GARLAND, Defendant.**

**No. 70 Cr 282.**

United States District Court,
N. D. Illinois, E. D.

Sept. 15, 1971.

William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff.

Maurice J. Walsh, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

Defendant, Jerome S. Garland, moves this Court to dismiss a May 1970 indictment for violations of 18 U.S.C. §§ 1341 and 1343 essentially on the grounds that the indictment is: (1) non-informative; (2) vague and insufficient in detail and definition; (3) misleading; and (4) deficient in vital factual allegations. In addition, defendant asserts two defenses: (1) Statute of Limitations and (2) unconscionable delay in prosecution.

All of the counts of this fourteen count indictment are brought under 18 U.S.C. § 1341, except for Count XII, which is brought under 18 U.S.C. § 1343. This Court finds that the § 1341 counts essentially charge *inter alia*: (1) that the defendant and others devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises from certain banking in-

stitutions; (2) that defendant knowingly and willfully made all these false pretenses, representations and promises; (3) that as a part of the scheme to defraud the defendant would falsely represent his personal financial condition to certain banks in order to induce them into: (a) making and approving new loans; (b) renewing existing loans; and (c) believing that the loans thus made were secure; (4) that in submitting these false financial statements to certain banks the defendant was cognizant of the fact that they did not reflect his true financial condition; and (5) that the defendant for the purpose of executing the scheme to defraud did knowingly and willfully cause the United States Post Office Department to deliver according to the directions thereon certain letters addressed to certain persons. In addition, all the § 1341 counts state: (1) the dates when the loans and the false representations involved were made; (2) the banking institutions to which the false financial statements were submitted; (3) the amounts of the loans given based on those false financial statements; (4) the dates upon which the mailings occurred; and (5) the names and addresses of the recipients of the letters.

The allegations set out in Count XII are identical to all the allegations set out in the § 1341 counts: the only difference being that Count XII charges the defendant with the use of wire and radio communication in the execution of his scheme to defraud.

■ Reason and common sense must accompany the reading of an indictment. A number of decisions have found in substance that an indictment will stand if it identifies adequately each piece of mail matter, charges sufficiently an offense in each count, contains all the elements of the offense, apprises the defendant of the nature of the charge, and enables him to plead a judgment on it as a bar to further prosecution for the same offense. See United States v. Cobb, 397 F.2d 416 (7th Cir.), cert. den. 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260 (1968); United States v. Kahn, 381 F.2d 824 (7th Cir.), cert. den. 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed. 661 (1967); Collins v. Markley, 346 F.2d 230 (7th Cir.), cert. den. 382 U.S. 946, 86 S.Ct. 408, 15 L.Ed.2d 355 (1965).

■ The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are formation of a scheme with intent to defraud and use of the United States mails in furtherance of the scheme. United States v. Johnson, 298 F.Supp. 58 (N.D.Ill.1969).

■ Because the gist of the offense is not the scheme to defraud, but the unlawful use of the mails in the case of § 1341 and interstate wire communications in the case of § 1343, the scheme itself need not be set out in the indictment with precision and exactitude. United States v. Minnec, 104 F.2d 575 (7th Cir.), cert. den. 308 U.S. 577, 60 S. Ct. 94, 84 L.Ed. 484 (1939). Of course, the formation of the scheme to defraud is essential, but it need only be set forth with such particularity as will inform the defendant of what is intended and will acquaint him with what he will be required to meet at trial. United States v. Minnec, *supra.*

■■ If all the aforementioned factors are present, the indictment will stand notwithstanding that it could have been made more definite or certain. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Adams v. United States, 375 F.2d 635 (10th Cir.), cert. den. 389 U.S. 880, 88 S.Ct. 117, 19 L.Ed.2d 173 (1967). This Court finds that all the aforementioned factors are present in the indictment.

■ Defendant, focusing the Court's attention on Count XII of the indictment, which alleges that the defendant

**4**

in executing the scheme to defraud "did knowingly and wilfully transmit and cause to be transmitted, in interstate commerce, by means of wire and radio communication, certain signs, signals and sounds, to wit, a long distance telephone call from Chicago, Illinois to Scottsdale, Arizona," contends that this terminology is an inadequate description of the call and leaves him totally uninformed as to the nature and cause of the charge.

The Court finds this contention without merit. Certainly it was not necessary that the indictment set out, in *haec verba,* the telephone conversation itself. Applying the same tests of sufficiency of indictment here as were applied to the other counts, the Court finds that not only does Count XII follow the terms set out in the statute, but it also sufficiently alleges the essential elements of the offense to adequately apprise the defendant of the nature of the charge.

 The defendant raises the defense of 18 U.S.C. § 3282, which is the Statute of Limitations for non-capital offenses. He contends that the loans and the alleged false financial statements involved occurred more than five years prior to the return of the indictment. However, the limitation period runs from the mailing of the letters, Fournier v. United States, 58 F.2d 3 (7th Cir. 1931), and each mailing in the indictment is alleged to be for the purpose of executing the scheme. Each alleged count offense is a letter sent in the period from June 21, 1965, to and including February 11, 1966, and thus each mailing is well within five years of the indictment's return on May 28, 1970. The same holds true for the telephone call.

 Defendant's contention of unconscionable delay in prosecution is based on his allegation that "the United States had full knowledge of the transactions alleged to be offenses for a long period prior to five years before the date of the return of the indictment . . . ." (Defendant's Motion, P. 3). The Government is permitted a reasonable time for investigating a case and preparing it for prosecution. Even if the Government had had knowledge of the scheme to defraud prior to June 21, 1965, the initial date of the mailings, it could not have brought any charges under the mail fraud statute because the use of the United States' mails is the very gist of the offense. The indictment was returned well within the applicable five-year statute of limitations and defendant has not demonstrated to this Court any prejudice caused by the complained of pre-indictment delay. Pre-indictment delays within the applicable five-year statute of limitations are not improper, absent a showing of prejudice. United States v. Lewis, 406 F.2d 486 (7th Cir. 1969); United States v. Jones, 403 F.2d 498 (7th Cir. 1968); United States v. Deloney, 389 F.2d 324 (7th Cir.), cert. den. 391 U.S. 904, 88 S.Ct. 1652, 20 L.Ed.2d 417 (1968).

This Court, after studying the indictment and reviewing the applicable law, finds that the indictment, in meeting the sufficiency of indictment tests, stands as a citadel against defendant's assaults. None of the alleged grounds for dismissal ever reaches the momentum necessary to bring it tumbling down.

Accordingly, it hereby is adjudged, ordered and decreed that the defendant's motion to dismiss the indictment is denied.

Having found the indictment sufficient, it is further adjudged, ordered and decreed that defendant's companion motion for a bill of particulars also is denied.